IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN EBRON,<br><br>　　　　　　*Plaintiff*,<br><br>　v.<br><br><br>GOLDEN LIVING CENTER-STENTON,<br>*et al*.,<br><br>　　　　　　*Defendants*. | CIVIL ACTION<br>NO. 14-03080 |

## MEMORANDUM

**PAPPERT, J.**                                                                                                          **March 6, 2015**

　　　　Before the Court is Plaintiff's Motion for a Jury Trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure.  (ECF No. 27.)  Defendants have filed a response opposing Plaintiff's Motion.  (ECF No. 28.)  For the reasons provided below, the Court grants Plaintiff's request, notwithstanding its untimeliness.

## Discussion

　　　　The right to a jury trial in a civil case is a fundamental right expressly protected by the Seventh Amendment to the United States Constitution.  *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (citing *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393 (1937)).  Any party seeking a jury trial is required to make a timely demand for a jury by filing the demand with the Clerk of Court within 14 days after being served with the last pleading directed to the issue.  Fed. R. Civ. P. 38(b).  Failure to make a timely jury demand results in waiver of the right to have the matter heard by a jury.  *Id*.; *see also Plummer v. Gen. Elec. Co.*, 93 F.R.D. 311,

313 (E.D. Pa. 1981). Nevertheless, a party may, upon motion to the court, and in the court's discretion, seek leave to file an untimely demand for a jury. *U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 195 (3d Cir. 2000) (citing Fed. R. Civ. P. 39(b)).

The United States Court of Appeals for the Third Circuit has established a five factor balancing test for a district court to use in determining whether to permit an untimely demand for a jury under Rule 39(b). *Infinty Grp. Co.*, 212 F.3d at 195-96 (citation omitted). The court must examine and weigh: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) whether any prejudice will result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely jury demand. *Id*. The Court considers each of these factors below.

    **1.**    **Suitability of Issues for Jury**

Plaintiff's complaint is fairly simple and alleges one count against Defendants for negligence. (Compl. ¶¶ 115-126.) Negligence has long been recognized as a proper jury question. *See, e.g., Larkin v. May Dep't Stores Co.*, 250 F.2d 948, 950 (3d Cir. 1958). Defendants do not dispute this, nor set forth a reason why the issues in this case are particularly unsuitable for a jury. (Defs.' Resp. to Pl.'s Mot. for Jury Trial 3.) The first factor weighs in Plaintiff's favor.

    **2.**    **Disruption of Scheduling**

Unlike other cases where courts have denied a plaintiff's untimely request for a jury, the scheduling orders issued here have never been tailored in contemplation of a bench trial. *Compare Shen Mfg. Co. v. Family Dollar Stores, Inc.*, No. 06-cv-0190, 2006 WL 3164788, at *1 (E.D. Pa. Oct. 31, 2006) ("[W]hen the trial date was set, all counsel discussed the case as a non-

jury trial, and the agreed upon scheduling order includes submission dates for findings of fact and conclusions of law. This schedule clearly contemplated the fact that a non-jury trial requires less pre-trial preparations for the court and counsel because there is no need to become involved with voir-dire questions and proposed jury instructions."). There is no reason why granting Plaintiff's Motion would disrupt the case schedule in any way. *See Plummer*, 93 F.R.D. at 313 (granting plaintiff's motion for an untimely jury trial because, *inter alia*, "the orderly administration of the trial calendar will not be disturbed by granting plaintiff relief from waiver."). Defendants have not made an argument to the contrary. (Defs.' Resp. to Pl.'s Mot. for Jury Trial 3.) The second factor accordingly weighs in Plaintiff's favor.

### 3. Prejudice to Defendants

Courts often find prejudice results when the untimely jury demand comes after discovery has closed and the case is on the eve of trial. *See Infinity Grp. Co.*, 212 F.3d at 196 (affirming denial of plaintiff's untimely request where district court noted that defendant's case would be greatly prejudiced since "the demand was made only two weeks before trial—and not fully briefed until one week before trial"); *Faylor v. Szupper*, 411 F. App'x 525, 532 (3d Cir. 2011) (holding there was no abuse of discretion where district court observed that "defendants would be seriously prejudiced" because "discovery has already closed"); *Fort Washington Res., Inc. v. Tannen*, 852 F. Supp. 341, 343 (E.D. Pa. 1994) (finding prejudice where the "discovery deadline in this case ended . . . and this case was scheduled to be placed in the trial pool . . . .The parties have submitted their proposed pretrial memoranda, as well as their trial memoranda. . . . To allow defendant to now request a jury trial at the eleventh hour would severely hamper plaintiff and counterclaim defendant who have prepared their case with the mindset that there would be no jury").

Defendants argue that they "have been preparing [their] case for trial under the assumption that it will be a bench trial," and "requiring them to shift focus to a jury trial after preparing for a bench trial" will result in prejudice. (Defs.' Resp. to Pl.'s Mot. for Jury Trial 3.) During a telephone conference with counsel on March 4, 2015, (ECF Nos. 33-34), however, the Court was forced to conclude that neither of the parties have done much, if anything, to prepare for trial. In fact, as of the date of the telephone conference, and after nearly nine months of time allotted for discovery, Defendants still had not deposed Plaintiff nor any of Plaintiff's witnesses. Both parties sought an extension of the discovery schedule, which the Court, somewhat reluctantly, granted in part. (ECF No. 36.) Defendants' argument is unpersuasive.

Discovery remains ongoing. (ECF No. 36.) The parties have not submitted any dispositive motions, nor pretrial materials. (*Id.*) The recently amended Scheduling Order calls for the case to be listed for trial on June 3, 2015, but the exact date of trial has not been confirmed. (*Id.*) Because there remains sufficient time to modify trial strategy, *see Shen Mfg. Co.*, 2006 WL 3164788, at *2, the Court concludes that granting Plaintiff's Motion will cause no significant prejudice to Defendants. The third factor weighs in Plaintiff's favor.

### 4. Length of Delay

Under Rule 38(b), the deadline for Plaintiff to request a jury trial was August 1, 2014. *See* Fed. R. Civ. P. 38(b); *see also* (ECF No. 24) (docketing Defendants' answer as filed on July 18, 2014). Plaintiff filed her Motion on February 4, 2015; hence, Plaintiff's jury demand is approximately six months late. While other courts have granted untimely jury demands after comparable time has passed, *e.g., Young v. Kolbey*, No. 11-cv-05301, 2013 WL 1285471, at *4 (E.D. Pa. Mar. 29, 2013) (granting plaintiff's request despite delay of approximately four

months), the Court agrees with Defendants that the fourth factor weighs in their favor. (Defs. Resp. to Pl.'s Mot. for Jury Trial 3.)

### 5. Reason for Failure to Timely Demand

Defendants argue that "Plaintiff has offered no excuse, let alone a valid one, for her untimeliness in requesting a jury." (Defs.' Resp. to Pl.'s Mot. for Jury Trial 4.) During the recent telephone conference with the parties, Plaintiff's counsel proffered that he mistakenly thought Defendants requested a jury when removing this action from state court. (ECF Nos. 33-34.) Mere inadvertence, oversight, or lack of diligence alone generally does not justify granting a party's untimely demand for a jury trial. *Infinity Grp. Co.*, 212 F.3d at 195 (citing *Plummer*, 93 F.R.D. at 313). However, the Third Circuit has held that "this is not a mechanical rule." *Id*. Rather:

> Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application . . .

*Plummer*, 93 F.R.D. at 313. Thus, while the Court agrees with Defendants that the fifth factor weighs against granting Plaintiff's Motion, it is not dispositive.

A review of the above five factors weighs in favor of granting Plaintiff's Motion for a Jury Trial. Although Plaintiff's demand is months late and due to counsel's mistake, the parties still have months more for discovery. (ECF No. 36.) Moreover, the issue in this case is particularly suitable for a jury, granting Plaintiff's request will not disrupt the case schedule, nor will it cause any prejudice to Defendants. Plaintiff's Motion for a Jury Trial shall be granted.

An appropriate Order follows.

                                                   */s/ Gerald J. Pappert*
                                                   GERALD J. PAPPERT, J.